# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form: https://www.ca9.uscourts.gov/forms/form07instructions.pdf*

**9th Cir. Case Number(s)** 26-6269

**Case Name** Valve Corporation v. Fish

**Counsel submitting this form** William R. Burnside

**Represented party/parties** See attached addendum

*Briefly describe the dispute that gave rise to this lawsuit.*

Valve Corporation's Steam Subscriber Agreement ("SSA") required users of its Steam platform to arbitrate all disputes individually before the American Arbitration Association, and in 2021 Valve obtained an order compelling arbitration of consumer antitrust claims on that basis. Wolfire Games, LLC v. Valve Corp., No. 2:21-cv-00563-JCC (W.D. Wash.). Appellants are some of several thousand Steam users who then filed individual arbitration demands asserting Sherman Act and Washington Consumer Protection Act claims. Their arbitrations were assigned to Arbitrators Frances F. Goins and Suzanne McSorley.

In September 2024, while the arbitration were being actively litigated, Valve purported to amend the SSA to remove the arbitration provision and require that all disputes, including pending ones, proceed in court. Valve asked that the arbitrators to immediately stop Appellants' ongoing arbitrations. The arbitrators denied Valve's requests. The arbitration proceeded to Final Awards.

Valve petitioned the district court to vacate both the awards. Appellants, in parallel, sought confirmation of their awards. The district court granted the petitions in part and denied the motions to confirm. This is the appeal of that denial of Appellants' motions to confirm.

*Briefly describe the result below and the main issues on appeal.*

On July 24, and July 29, 2026, the district court (Whitehead, J.) denied Appellants' motions to confirm their final arbitration awards. In the parallel petition to vacate matters, the district court concluded that the arbitrator's reliance on materials submitted for in camera review and failure to provide Valve an opportunity to respond to billing records denied Valve a fundamentally fair hearing.

The appeal presents the issues relating to: 1) the standard governing due-process challenges to arbitral awards under 9 U.S.C. § 10(a)(3), 2) whether the procedure followed here satisfied § 10(a)(3) as properly construed, and 3) whether Valve showed actual prejudice stemming from any due process violation.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

Six appeals presenting these same questions are pending in this Court: Valve v. Fish, No 26-5475; Valve Corp. v. Lucas, No. 26-5477; Valve Corp. v. Graber, No. 26-5509; Valve Corp. v. Lefebvre, No. 26-5539; Valve Corp. v. Birenbaum, No. 26-5662; and Valve Corp. v. Vicente, No. 26-5668.

Also pending in this Court is Valve Corp. v. Users of Valve's Video Game Platform, Steam, No. 26-5123, arising from Valve Corp. v. Abbruzzese, No. 2:24-cv-01717-JNW (W.D. Wash.), which is Valve's petition for permission to appeal the district court's denial of its motion for preliminary injunction.

**Signature** s/ William R. Burnside **Date** 10/06/2026

*(use "*s/[typed name]*" to sign electronically-filed documents)*

## Addendum

The represented parties in this matter are Gregory Fish, Ethan Lefebvre, Christian Graber, Jeremy Lucas, Alec Birenbaum, and Lance Vicente.