No. 26-6269

In the
# United States Court of Appeals
for the Ninth Circuit

VALVE CORPORATION,

*Petitioner-Appellee,*

v.

GREGORY FISH ET AL.,

*Respondents-Appellants.*

On Appeal from the United States District Court for the Western District of Washington, Case No. 2:24-cv-1717-JNW
Hon. Jamal N. Whitehead, *United States District Judge*

## RESPONDENTS-APPELLANTS' RESPONSE TO MOTION TO HOLD APPEAL IN ABEYANCE

William Ward Bucher IV
BUCHER LAW PLLC
1000 Brickell Ave
Suite 715
Miami, FL 33131
T: 202.997.3029
E: will@bucherlawfirm.com

William R. Burnside
BAILEY DUQUETTE P.C.
800 Fifth Avenue
Suite 101-800
Seattle, Washington 98104
T: 206.353.8021
E: will@baileyduquette.com

## OPPOSITION TO MOTION TO STAY

The question of whether the parties have a valid contract to arbitrate is a threshold question in each of the related appeals:

- *Valve Corporation v. Users of Valve's Video Game Platform, Steam*, No. 26-6092 (*Users*) (preliminary injunction);
- *Valve Corporation v. Fish*, No. 26-5475 (Final Award);
- *Valve Corporation v. Lucas*, No. 26-5477 (Final Award);
- *Valve Corporation v. Graber*, No. 26-5509 (Final Award);
- *Valve Corporation v. Lefebvre*, No. 26-5539 (Final Award);
- *Valve Corporation v. Birenbaum*, No. 26-5662 (Final Award);
- *Valve Corporation v. Vicente*, No. 26-5668 (Final Award); and
- *Valve Corporation v. Fish et al.*, No. 26-6269 (this appeal).

Valve acknowledged that overlap in its underlying petitions to vacate consumers' Final Awards:

> [redacted] the Arbitrator had no authority to continue with the Arbitration or issue the Awards. Accordingly, the Awards must be vacated. *Transcon. Gas Pipe Line Co. v. Permanent Easement for 2.59 Acres*, 2019 WL 6481528, at *2 (M.D. Pa. Oct. 8, 2019), *aff'd* 834 F. App'x 752 (2020); *see also Coinbase, Inc. v. Suski*, 602 U.S. 143, 145 (2024) ("[D]isputes are subject to arbitration if, and only if, the parties actually agreed to arbitrate those disputes.").

*Fish*, No. 26-5475 (Dkt. 17, 3-ER-232). Valve also describes this as a "threshold" issue and claims it is "logically antecedent" to the award issues. *Id.* (Dkt. 15 at 3–4).

That common question of contract ***validity*** is a reason to coordinate these appeals, not to proceed with the appeal that Valve prefers while completely halting all the others. It also undermines Valve's request to first consider the *User's* appeal as to ***enforcement***. Valve cannot contest that consideration of validity comes before consideration of enforcement. Thus, Valve's proposed procedure is not only unjust to numerous other parties, it is also patently false that Valve's preferred procedure will result in judicial efficiency or reduction of resources.

For example, Valve's procedure would mean that priority over an appeal as a ***matter of right*** of a ***final judgment*** on the merits must give way to:

(1) a permissive appeal of

(2) denial of interlocutory relief on an issue of

(3) whether a party is likely to succeed on the merits of

(4) enforcement of a contract whose validity is in question under

(5) its claim for declaratory relief

(6) based on jurisdiction established by the hypothetical of what happens if Valve refuses to participate in the arbitrations it compelled

(7) and continues to actively litigate.

The fact that the former must wait for the latter is procedural shenanigans, not judicial efficiency or reduction of party resources.

## I. Valve's fallacy of judicial efficiency.

Valve's position is that reversal of the contract question in the permissive interlocutory appeal will resolve all of these appeals. That is simply ***NOT TRUE***. The district court concluded that the contract is "likely" unconscionable. A reversal of that ruling is that the contract is not likely unconscionable. That says nothing about other aspects of contract law such as validity of the contract itself or consent to formation, which the district court assumed for the purpose of determining the contract's enforcement. The district court chose the most efficient reason to deny the motion for preliminary relief, which does not make reversal of that issue the most efficient means to resolve every appeal.

To get to the merits of the permissive appeal in *Users* of non-dispositive preliminary relief, the panel must:

- Determine its own jurisdiction to intervene in ongoing private arbitrations, *In re Sussex*, 781 F.3d 1065, 1073 (9th Cir. 2015);

- Determine whether Valve's petition for permission to appeal was properly granted on a novel application of state law, *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125 (9th Cir. 2022), *Couch v. Telescope Inc.*, 611 F.3d 629 (9th Cir. 2010);
- Determine whether the district court made clearly erroneous factual finding or abused its discretion in concluding that Valve's harm is self-inflicted, *Arc of Cal. v. Douglas*, 757 F.3d 975, 983–84 (9th Cir. 2014) (preliminary injunctions findings stand unless "illogical, implausible, or without support in inferences that may be drawn from the facts in the record.");
- Determine whether the district court made clearly erroneous factual findings or abused its discretion in concluding that the equities favored the consumers, *Id*.; and
- Determine whether the district court made clearly erroneous factual findings that the balance of hardships favored the consumers, *Id*.

Unless all of these issues are resolved in Valve's favor, there is no need for a merits panel to reach the merits of Valve's declaratory judgment claim. *Winter v. NRDC, Inc.*, 555 U.S. 7, 31 (2008) (declining to reach the merits issue because "doing so is not necessary" and "reaching the merits is complicated by the fact that the lower courts addressed only one of several issues raised").

On the other hand, in the consumer appeals, the contract validity question is presented for de novo review as a threshold matter. *See Fish*, No. 26-5475 (Dkt. 17, 3-ER-232). There are no jurisdictional issues, there are no permissive appeal issues, and there are no equitable issues related to preliminary relief. More importantly, Valve concedes contract validity is the only issue the merits panel need decide to uphold vacatur of the awards.

> [illegible] the Arbitrator had no authority to continue with the Arbitration or issue the Awards. Accordingly, the Awards must be vacated. *Transcon. Gas Pipe Line Co. v. Permanent Easement for 2.59 Acres*, 2019 WL 6481528, at *2 (M.D. Pa. Oct. 8, 2019), *aff'd* 834 F. App'x 752 (2020); *see also Coinbase, Inc. v. Suski*, 602 U.S. 143, 145 (2024) ("[D]isputes are subject to arbitration if, and only if, the parties actually agreed to arbitrate those disputes.").

Finally, Valve's handling of *Users* also undermines its appeal to efficiency. Valve has not notified the Clerk that its own appeal should

receive expedited briefing as a preliminary-injunction appeal. Circuit Rule 3-3 provides accelerated briefing for such appeals unless the Court orders otherwise. Valve seeks to stop the consumers' appeals while leaving ordinary expedition of its own appeal unaddressed.

## II. Valve's fallacy of unnecessary costs

Valve chose to file separate district-court cases in each petition to vacate. It now complains that the consumers intend to proceed with "separate briefing" in the resulting appeals. In other words, Valve created these separate cases and now invokes the work they generated as a reason for the consumers to wait for resolution of their final awards. If duplication is the concern, Valve should discuss consolidation with the consumers instead of pointing fingers at parties required to appeal Valve's numerous individual petitions.

More importantly, the costs of Valve's chosen process are not a new problem. The Washington Court of Appeals explained that the volume of arbitration demands was "a direct result of [Valve's] own agreement barring class actions and prohibiting collective or representative arbitration." *Valve Corp. v. Bucher Law PLLC*, 571 P.3d 312, 321 n.6 (Wash. Ct. App. 2025). On this issue, the court concluded that "Valve is

hoist by its own contractual petard." *Id*. The district court likewise found that Valve's claimed harm from the costs of arbitrations it had compelled was self-inflicted. *Users*, Dkt. 1, SA34. It has been Valve's choice to bear the costs of individual litigation and only this Court has spared Valve from itself by summary order.

## III. More Appropriate Relief

Valve's motion should be denied. At a minimum, the parties should complete the existing briefing schedule and any stay should be limited to hearing or submission pending resolution of *Users*. That would preserve the Court's control over the order in which it considers the appeals without stopping the parties from preparing them.

Completing briefing does not require the Court to decide this appeal before *Users*. The parties can finish their briefs while the Court reserves when to hear or submit the case. If *Users* leaves issues unresolved, those briefs will already be available. Stopping briefing now would instead require the parties to resume that work after *Users* ends, adding another delay before this appeal can be considered.

The consumers have no objection to consolidating the related appeals. The parties can address consolidation before hearing or

submission while briefing proceeds. Appellants will also move for reconsideration in each of the six stayed award appeals to lift the stay as to briefing. They seek the same practical result throughout: let the parties finish briefing while the Court retains control over hearing and submission.

The Court need not choose which appeal to decide first to resolve this motion. It need only allow briefing to continue and, at most, hold hearing or submission in abeyance pending *Users*.

Dated: October 24, 2026.

Respectfully submitted,

/s/ *William R. Burnside*
William R. Burnside

*Counsel for Respondents-Appellants*

## Certificate of Compliance

I hereby certify that (1) this response complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) and the page limitation of Circuit Rule 27-1(1)(d) because it does not exceed 20 pages and, as calculated by Microsoft Word, it contains 1267 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f); and (2) this response complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in a 14-point Century Schoolbook font.

Dated: October 24, 2026.

Respectfully submitted,

/s/ *William R. Burnside*
William R. Burnside

*Counsel for Respondents-Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2026, I electronically filed this response with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using ACMS. All participants are registered ACMS users and will be served by ACMS.

Dated: October 24, 2026

Respectfully submitted,

/s/ *William R. Burnside*
William R. Burnside

*Counsel for Respondents-Appellants*