No. 26-6269

In the
United States Court of Appeals
for the Ninth Circuit

VALVE CORPORATION,

*Petitioner-Appellee,*

v.

GREGORY FISH, ET AL.,

*Respondents-Appellants.*

On Appeal from the United States District Court for the Western District of Washington, Case No. 24-cv-1717
Hon. Jamal N. Whitehead, *United States District Judge*

# VALVE CORPORATION'S REPLY IN SUPPORT OF MOTION TO HOLD APPEAL IN ABEYANCE

Michael W. McTigue Jr.
Meredith C. Slawe
Shaud G. Tavakoli
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001

Blake Marks-Dias
CORR CRONIN LLP
1015 Second Ave., Fl. 10
Seattle, WA 98104

Shay Dvoretzky
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Ave. NW
Washington, DC 20005
Telephone: 202-371-7000
shay.dvoretzky@skadden.com

Parker Rider-Longmaid
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
500 Boylston St.
Boston, MA 02116

*Counsel for Petitioner-Appellee Valve Corporation*

# VALVE CORPORATION'S REPLY IN SUPPORT OF MOTION TO HOLD APPEAL IN ABEYANCE

Respondents' opposition—filed a day late—ignores the Court's orders placing into abeyance their appeals of the district court's orders vacating the same arbitration awards at issue in this appeal. *See*, *e.g.*, Order, *Valve Corp. v. Fish*, No. 26-5475 (9th Cir. Oct. 7, 2026). Here, Respondents challenge the district court's order denying their motion to confirm the same awards at issue in the vacatur appeals—that is, the flipside of the vacatur ruling. That challenge cannot be resolved separately from the vacatur appeals. And indeed, Respondents offer no reason why the Court should proceed with this appeal if the vacatur appeals remain in abeyance (Respondents don't even acknowledge this Court's abeyance orders). There is none.

Instead, Respondents recycle the same arguments they have made *in seeking reconsideration* of the Court's orders placing their vacatur appeals into abeyance pending its decision in *Valve Corp. v. Users of Valve's Video Game Platform, Steam*, No. 26-6092 (9th Cir.) (*Users*). But, as explained below, there is no reason why the Court should reconsider those orders, and thus no reason why the Court should decline to place this appeal into abeyance as well. The Court should deny Respondents' motions for reconsideration in the

vacatur appeals and place this appeal, which concerns the very same arbitral awards, into abeyance too.

**1.** As the Circuit Rules and guidance make clear, motions for reconsideration "are disfavored by the Court and are rarely granted," and their filing "is discouraged." Cir. Advisory Comm. Note (4) to Rule 27-1. The party seeking reconsideration must "state with particularity the points of law or fact" he contends "the Court has overlooked or misunderstood." Cir. R. 27-10(a)(3). Respondents do not meet that demanding standard. The core premise of their opposition—that "each of the related appeals" involves the same threshold "question of whether the parties have a valid contract to arbitrate," Opp. 1—isn't something the Court "overlooked or misunderstood." To the contrary, that shared question was the premise for *Valve's* motion to put the appeals into abeyance so the Court could resolve that threshold question in *Users*. The Court had little trouble granting that motion. Put simply, Respondents don't identify anything the Court overlooked. They just think the Court should have reached a different conclusion.

**2.** Respondents' position also conflicts with the motions panel's grant of interlocutory review under 28 U.S.C. § 1292(b). They argue that the Court shouldn't give "priority" to *Users* because "reversal of the contract

question in the permissive interlocutory appeal will [not] resolve all of these appeals" *E.g.*, Recons. Mot. 2-3, *Fish*, No. 26-5475 (9th Cir. Oct. 21, 2026). Even putting aside the internal contradiction with Respondents' assertion that all the related appeals share this key threshold issue, Respondents' arguments simply rehash the unsuccessful arguments for denying § 1292(b) review in *Users*. Respondents catalogue (Opp. 3-4) a litany of supposed reasons the Court won't reach the key merits issue about the validity of the agreement to resolve disputes in court, not arbitration. But the motions panel granted leave to appeal precisely so the Court could address controlling legal questions about the agreement's validity because resolving those issues would materially advance the litigation. *See* Order, *Valve Corp. v. Users of Valve's Video Game Platform, Steam*, No. 26-5123 (9th Cir. Sept. 16, 2026); Pet. 15-18, *Users*, No. 26-5123 (9th Cir. Aug. 10, 2026) (explaining why resolution of those legal issues will materially advance the litigation in both this case and several other cases presenting the same issues). That order reflects (1) a recognition that the Court likely will resolve in *Users* the important threshold validity question at issue in all of these related appeals, and that it can decide the merits of the dispute and not just the likelihood of success, and (2) a determination that resolving those issues in *Users* is an efficient and

proper way of moving the rest of the litigation forward. What's more, as Valve's brief in *Users* explains, the district court's resolution of all the preliminary injunction factors turned on its incorrect view of the merits, Opening Br. 64-65, *Users*, No. 26-6092 (9th Cir. Oct. 28, 2026)—points Valve also explained in its abeyance motions and replies, *e.g.*, Stay Mot. 2-3, *Fish*, No. 26-5475 (9th Cir. Sept. 25, 2026); Stay Reply 1-3, *Fish*, No. 26-5475 (9th Cir. Sept. 30, 2026). Respondents' opposition in effect seeks reconsideration not just of the Court's abeyance orders, but also of the motions panel's order deciding to hear the § 1292(b) appeal in the first place. Reversal in *Users* would likely leave nothing left of Respondents' appeals, so it makes sense for the Court to decide *Users* first.

**3.** Respondents' own merits briefs in the vacatur appeals confirm all of this. *E.g.*, Opening Br., *Fish*, No. 26-5475 (9th Cir. Oct. 5, 2026). Respondents rely (*e.g.*, *id.* at 50-56) on the order on appeal in *Users* and devote pages of their briefs to explaining why, in their view, it was correctly decided. Respondents therefore recognize that the legal issues decided in the order on appeal in *Users* could resolve these appeals too. And their arguments only confirm that putting this appeal in abeyance until the Court decides *Users* is the best and most appropriate course.

**4.** Finally, *Users* has been expedited—something Valve never opposed, contrary to Respondents' suggestion (Opp. 5-6). Indeed, Valve notified the Court that *Users* should receive hearing priority under Circuit Rule 3-3. Letter, *Users*, No. 26-6092 (9th Cir. Oct. 12, 2026). That's all the more reason the Court should put this matter in abeyance until it resolves the shared key threshold question in *Users*. Respondents contend (Opp. 7-8) that the related appeals can be consolidated and that they can be placed in abeyance after briefing pending the decision in *Users*, but those arguments miss the point. Consolidating the cases should happen anyway if the appeals go forward, as Respondents now seem to admit (Opp. 7-8), but the appeals shouldn't go forward at all if the Court holds that the parties validly agreed to resolve disputes in court rather than arbitration. In that case, the arbitrations were unlawful, and none of Respondents' arguments can support reversal of the orders denying confirmation of the awards or vacating the awards. And Respondents' notion that the parties should fully brief their appeals only so the Court can wait until it decides *Users* makes little sense. There is a high likelihood that the Court's ruling will significantly change what the parties have to say—if it doesn't undercut Respondents' appeals altogether. The result, rather than one streamlined set of submissions that

abeyance pending disposition in *Users* would enable, would be further briefing after the *Users* decision that is no more efficient or helpful to the Court, which would have to wade through multiple, less targeted submissions.

## CONCLUSION

The Court should grant Valve's motion to place this appeal into abeyance pending its decision in *Users*, just as it has already placed Respondents' appeals involving the same arbitral awards into abeyance in *Valve Corp. v. Fish*, No. 26-5475 (9th Cir. Oct. 7, 2026); *Valve Corp. v. Lucas*, No. 26-5477 (9th Cir. Oct. 7, 2026); *Valve Corp. v. Graber*, No. 26-5509 (9th Cir. Oct. 6, 2026); *Valve Corp. v. Lefebvre*, No. 26-5539 (9th Cir. Oct. 6, 2026); *Valve Corp. v. Birenbaum*, No. 26-5662 (9th Cir. Oct. 7, 2026); *Valve Corp. v. Vicente*, No. 26-5668 (9th Cir. Oct. 7, 2026).

Dated: October 29, 2026

Respectfully submitted,

*/s/ Shay Dvoretzky*

Shay Dvoretzky
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Ave. NW
Washington, DC 20005
Telephone: 202-371-7000
shay.dvoretzky@skadden.com

Parker Rider-Longmaid
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
500 Boylston St.
Boston, MA 02116

Michael W. McTigue Jr.
Meredith C. Slawe
Shaud G. Tavakoli
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001

Blake Marks-Dias
CORR CRONIN LLP
1015 Second Ave., Fl. 10
Seattle, WA 98104

*Counsel for Petitioner-Appellee Valve Corporation*

## CERTIFICATE OF COMPLIANCE

I hereby certify that (1) this reply complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(C) and the page limitation of Circuit Rule 27-1(1)(d) because the reply does not exceed 10 pages and, as calculated by Microsoft Word, it contains 1,235 words, excluding the parts of the reply exempted by Federal Rule of Appellate Procedure 32(f); and (2) this reply complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in a 14-point Book Antiqua font.

Dated: October 29, 2026

Respectfully submitted,

*/s/ Shay Dvoretzky*
Shay Dvoretzky

*Counsel for Petitioner-Appellee Valve Corporation*

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Appellate Procedure 25(b) and Circuit Rule 25-5(g)(1), I hereby certify that on October 29, 2026, I electronically filed the foregoing reply with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the ACMS system. I certify that all participants in the case are registered ACMS users and that the ACMS system will accomplish service.

Dated: October 29, 2026

Respectfully submitted,

*/s/ Shay Dvoretzky*
Shay Dvoretzky

*Counsel for Petitioner-Appellee Valve Corporation*