No. 26-6269

In the
# United States Court of Appeals
for the Ninth Circuit

VALVE CORPORATION,

*Plaintiff-Appellee,*

v.

GREGORY FISH ET AL,

*Defendants-Appellants.*

On Appeal from the United States District Court for the Western District of Washington, Case No. 2:24-cv-01717-JNW
Hon. Jamal N. Whitehead, *United States District Judge*

## DEFENDANTS-APPELLANTS' OPENING BRIEF

William Ward Bucher IV
BUCHER LAW PLLC
1000 Brickell Ave
Suite 715
Miami, FL 33131
T: 202.997.3029
E: will@bucherlawfirm.com

William R. Burnside
BUCHER LAW PLLC
5608 17th Avenue NW
Suite 2121
Seattle, WA 98107
T: 206.353.8021
E: burnside@bucherlawfirm.com

# TABLE OF CONTENTS

**Page**


Introduction ........ 1

Jurisdictional Statement ........ 2

Statement of the Issue ........ 3

Statement of the Case ........ 3

- A. Valve required individual arbitration of Steam users' claims. ........ 3
- B. Each Appellant obtained a final award. ........ 4
- C. Appellants sought confirmation in Valve's action to enjoin the arbitrations. ........ 4
- D. The district court denied confirmation solely because of the separate vacatur orders. ........ 5
- E. The vacatur orders and confirmation denials are on appeal. ........ 6

Summary of Argument ........ 6

Standard of Review ........ 7

Argument ........ 7

- A. The district court relied solely on the vacatur orders to deny confirmation under § 9. ........ 7
- B. Relief from each vacatur order should extend to the corresponding denial of confirmation. ........ 9

Conclusion ........ 10

Statement of Related Cases ........ 11

**TABLE OF CONTENTS**
(continued)

**Page**

Certificate of Compliance .......... 12

Certificate of Service .......... 13

Addendum .......... 14

9 U.S.C. § 9 .......... 14

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*FDIC v. Air Florida System, Inc.*
822 F.2d 833 (9th Cir. 1987) .......... 1

*Hall Street Assocs., L.L.C. v. Mattel, Inc.*
552 U.S. 576 (2008) .......... 8, 9

*Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*
341 F.3d 987 (9th Cir. 2003) (en banc) .......... 8

*Lagstein v. Certain Underwriters at Lloyd's, London*
607 F.3d 634 (9th Cir. 2010) .......... 7

*Wolfire Games, LLC v. Valve Corp.*
No. C21-0563-JCC, 2021 U.S. Dist. LEXIS 206045
(W.D. Wash. Oct. 25, 2021) .......... 3

## Statutes

9 U.S.C. § 4 .......... 2

9 U.S.C. § 9 .......... 1, 6–9, 14

9 U.S.C. § 10 .......... 7, 8, 14

9 U.S.C. § 11 .......... 7, 8, 14

9 U.S.C. § 16(a)(1)(D) .......... 2

15 U.S.C. § 1 .......... 4

15 U.S.C. § 2 .......... 4

28 U.S.C. § 1331 .......... 2

28 U.S.C. § 1332(a) .......... 2

28 U.S.C. §§ 2201–2202 .......... 2

## Rules

Fed. R. App. P. 4(a)(3) .......... 3

Fed. R. App. P. 5(d)(2) .......... 3

## Introduction

Valve required these six consumers to pursue their antitrust claims in individual arbitration. They did, and each obtained a final award in his favor. 2-ER-241; 1-ER-2, 4. But winning in Valve's chosen forum did not produce a judgment. The district court denied all six motions to confirm because it had already vacated the awards in separate proceedings. 1-ER-2–5.

Those vacatur rulings extend constitutional due-process requirements to private arbitration. That expansion is difficult to reconcile with this Court's precedent holding that private arbitration lacks the state action necessary for a constitutional due-process claim. *See FDIC v. Air Florida System, Inc.*, 822 F.2d 833, 842 n.9 (9th Cir. 1987). Appellants challenge those rulings in six pending appeals. Nos. 26-5475, 26-5477, 26-5509, 26-5539, 26-5662, 26-5668.

This appeal concerns what follows from those decisions. Section 9 requires confirmation unless an award has been vacated, modified, or corrected as prescribed by the FAA. 9 U.S.C. § 9. The district court relied entirely on its separate vacatur orders to deny confirmation. It identified

no independent ground for doing so. 1-ER-2–5. If a vacatur order is reversed, the corresponding confirmation denial loses its only foundation.

Reversal there should mean reversal here. For when each Appellant obtains reversal of his vacatur order, the Court should reverse the corresponding denial of confirmation and remand for further proceedings consistent with that disposition.

## JURISDICTIONAL STATEMENT

The district court exercised federal-question jurisdiction under 28 U.S.C. § 1331 over Valve's claims for declaratory relief under 28 U.S.C. §§ 2201–2202 and 9 U.S.C. § 4. 2-ER-246–249. Appellants moved to confirm their awards in that same action. 1-ER-2, 4.

Appellants' confirmation motions also invoked diversity jurisdiction under 28 U.S.C. § 1332(a), alleging diverse citizenship and an amount in controversy exceeding $75,000 for each award. 2-ER-9, 30, 51, 67, 83, 99.

This Court has jurisdiction under 9 U.S.C. § 16(a)(1)(D), which authorizes an appeal from an order "denying confirmation of an award or partial award." The district court entered the orders denying confirmation on July 24 and July 29, 2026. 1-ER-2–5. Appellants timely

appealed on September 21, 2026. 3-ER-255; *see* Fed. R. App. P. 4(a)(3), 5(d)(2).

## Statement of the Issue

Whether, if this Court reverses or vacates an order setting aside an Appellant's arbitration award, it should also set aside the corresponding denial of confirmation, which rested solely on that vacatur order, and remand for proceedings consistent with its disposition of the vacatur appeal, including instructions to affirm the award.

## Statement of the Case

### A. Valve required individual arbitration of Steam users' claims.

Valve operates Steam, an online platform where consumers buy and play PC games. 2-ER-132. Steam users must accept Valve's Steam Subscriber Agreement. Id. When Appellants brought their claims, that agreement required individual arbitration before the American Arbitration Association under its Consumer Arbitration Rules. 2-ER-241. Valve invoked that clause to compel arbitration of Steam users' antitrust claims. *Wolfire Games, LLC v. Valve Corp.*, No. C21-0563-JCC, 2021 U.S. Dist. LEXIS 206045 (W.D. Wash. Oct. 25, 2021); *see* 2-ER-244.

### B. Each Appellant obtained a final award.

Gregory Fish, Ethan Lefebvre, Christian Graber, and Jeremy Lucas arbitrated before Frances Floriano Goins. 2-ER-56, 72, 88, 104. Following evidentiary hearings in March 2025, Arbitrator Goins issued Interim Awards in May 2025, finding that Valve violated Sections 1 and 2 of the Sherman Act and awarding trebled damages. 2-ER-58, 74, 90, 105–106. Her Final Awards, issued September 3, 2025, adopted the Interim Awards and added attorney's fees, costs, and prejudgment interest. 2-ER-60–63, 76–79, 92–95, 108–111.

Alec Birenbaum and Lance Vicente arbitrated before Suzanne M. McSorley. 2-ER-13, 27, 33, 47. Following an eight-day hearing in July 2025, Arbitrator McSorley issued Final Awards on October 9, 2025, finding that Valve violated Section 1 of the Sherman Act and awarding damages, attorney's fees, and costs. 2-ER-13, 26–27, 33, 46–47.

### C. Appellants sought confirmation in Valve's action to enjoin the arbitrations.

Valve began this action in October 2024 by petitioning to enjoin the arbitrations of 624 Steam users represented by Bucher Law PLLC, including Appellants. 2-ER-244–245. The district court held that it had federal-question jurisdiction but struck the petition because the action

had to proceed by complaint. 2-ER-243, 246–249, 252. Valve then filed its operative complaint. 2-ER-112.

Appellants moved in this action to confirm their awards. 2-ER-7, 28, 48, 64, 80, 96. Valve also sought a preliminary injunction against the arbitrations, which the district court denied and later certified for interlocutory appeal. 3-ER-408, 410. That appeal is pending. *Valve Corp. v. Users of Valve's Video Game Platform, Steam*, No. 26-6092.

**D. The district court denied confirmation solely because of the separate vacatur orders.**

Valve separately petitioned to vacate each award. *Valve Corp. v. Fish*, No. 2:25-cv-01729-JNW; *Valve Corp. v. Graber*, No. 2:25-cv-01730-JNW; *Valve Corp. v. Lefebvre*, No. 2:25-cv-01731-JNW; *Valve Corp. v. Lucas*, No. 2:25-cv-01732-JNW; *Valve Corp. v. Birenbaum*, No. 2:25-cv-01975-JNW; *Valve Corp. v. Vicente*, No. 2:25-cv-01976-JNW (all W.D. Wash.). The district court entered vacatur orders in those proceedings. *Fish*, Dkt. 28; *Graber*, Dkt. 27; *Lefebvre*, Dkt. 28; *Lucas*, Dkt. 28; *Birenbaum*, Dkt. 18; *Vicente,* Dkt. 18; *see* 1-ER-2, 4.

The district court then denied confirmation in two short orders. 1-ER-2–5. On July 24, 2026, it denied the motions by Fish, Lefebvre, Graber, and Lucas because it had "already vacated these awards" in the

related proceedings. 1-ER-4–5. It concluded: "Thus, these Final Awards are unable to be confirmed." *Id.*

On July 29, 2026, the court denied Birenbaum's and Vicente's motions on the same ground. 1-ER-2–3. That order described their awards as having been vacated "in part" and concluded: "Thus, these awards are unable to be confirmed." *Id.* Both orders relied on § 9, and neither identified an independent basis for denying confirmation. 1-ER-2–5.

### E. The vacatur orders and confirmation denials are on appeal.

Appellants separately appealed the vacatur orders and seek reversal with instructions to deny Valve's petitions in full. *See* Nos. 26-5475, 26-5477, 26-5509, 26-5539, 26-5662, 26-5668. They also appealed the two orders denying confirmation. 3-ER-255. This appeal concerns those confirmation denials. *Id.*

## Summary of Argument

The orders denying confirmation depend entirely on the separate vacatur orders. The district court applied § 9 and reasoned that awards it had already vacated could not be confirmed. 1-ER-2–5. It gave no independent reason for denying the motions. *Id.*

If this Court reverses a vacatur order, it should also reverse the corresponding denial of confirmation and remand for proceedings consistent with that disposition. If the Court instead vacates a vacatur order and remands for further proceedings, it should vacate the corresponding confirmation denial as well. The relief in this appeal should follow the result in each Appellant's vacatur appeal.

## STANDARD OF REVIEW

This Court reviews de novo a district court's decision to confirm or vacate an arbitration award. *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 640 (9th Cir. 2010). Appellants sought confirmation of their awards, and the district court denied their motions on the ground challenged here. 1-ER-2–5.

## ARGUMENT

### A. The district court relied solely on the vacatur orders to deny confirmation under § 9.

Section 9 directs a court to confirm an award unless a prescribed exception applies: "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11." 9 U.S.C. § 9. As the Supreme Court explained, "There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation

in all cases, except when one of the 'prescribed' exceptions applies." *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008). Sections 10 and 11 supply "the FAA's exclusive grounds for expedited vacatur and modification." *Id.* at 584.

This Court likewise requires federal courts to apply the standards Congress prescribed for confirmation. As it explained, "because Congress has specified standards for confirming an arbitration award, federal courts must act pursuant to those standards and no others." *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 1000 (9th Cir. 2003) (en banc).

Appellants moved to confirm within weeks after their Final Awards were issued. 2-ER-7–8, 28–29, 49–50, 65–66, 81–82, 97–98. The district court identified one obstacle to confirmation: its vacatur orders in the separate proceedings. 1-ER-2–5. It relied on those orders to apply § 9's exception for vacated awards. *Id.* The orders under review contain no separate determination of the grounds for vacatur and no independent reason to deny confirmation. *Id.*

**B. Relief from each vacatur order should extend to the corresponding denial of confirmation.**

The six vacatur appeals will determine whether the orders on which the district court relied remain in force. Nos. 26-5475, 26-5477, 26-5509, 26-5539, 26-5662, 26-5668. In those appeals, Appellants challenge the use of constitutional due-process requirements to set aside private arbitration awards and seek reversal with instructions to deny Valve's petitions in full. *Id.*

If this Court reverses a vacatur order, the sole ground the district court gave for denying confirmation of that award disappears. The corresponding confirmation denial should therefore be reversed and remanded for further proceedings consistent with the Court's disposition of that vacatur appeal. That relief gives effect to § 9 and to the decision removing the stated obstacle to confirmation. *See* 9 U.S.C. § 9; *Hall Street*, 552 U.S. at 587.

The same principle applies if the Court vacates a vacatur order and remands for further proceedings. The corresponding confirmation denial should also be vacated, allowing the district court to reconsider confirmation in light of the proceedings and instructions on remand.

## CONCLUSION

If this Court reverses or vacates the district court's orders vacating Appellants' final awards, the corresponding orders denying confirmation addressed here should likewise be reversed or vacated. The Court should then remand to the district court with instructions to conduct further proceedings consistent with its decisions in the vacatur appeals.

Dated: November 4, 2026

Respectfully submitted,

*/s/ William R. Burnside*
William R. Burnside

*Counsel for Defendants-Appellants*

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

## Form 17. Statement of Related Cases Pursuant to Circuit Rule 28-2.6

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form17instructions.pdf*

**9th Cir. Case Number(s)** 26-6269

The undersigned attorney or self-represented party states the following:

○ I am unaware of any related cases currently pending in this court.

○ I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.

◉ I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

Six appeals presenting these same questions are pending in this Court: Valve Corp. v. Fish, No. 26-5475; Valve Corp. v. Lucas, No. 26-5477; Valve Corp. v. Graber, No. 26-5509; Valve Corp. v. Lefebvre, No. 26-5539; Valve Corp. v. Birenbaum, No. 26-5662; Valve Corp. v. Vicente, No. 26-5668.

Also pending in this Court is Valve Corp. v. Users of Valve's Video Game Platform, Steam, No. 26-5123, arising from Valve Corp. v. Abbruzzese, No. 2:24-cv-01717-JNW (W.D. Wash.), which is Valve's petition for permission to appeal the district court's denial of its motion for preliminary injunction.

**Signature** s/ William R. Burnside **Date** Nov 4, 2026

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** 26-6269

I am the attorney or self-represented party.

**This brief contains** 1,641 **words,** including 0 words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

- [x] complies with the word limit of Cir. R. 32-1.
- [ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.
- [ ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).
- [ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.
- [ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
  - [ ] it is a joint brief submitted by separately represented parties.
  - [ ] a party or parties are filing a single brief in response to multiple briefs.
  - [ ] a party or parties are filing a single brief in response to a longer joint brief.
- [ ] complies with the length limit designated by court order dated ______.
- [ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/ William Burnside **Date** 11/04/2026
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2026, I electronically filed Defendants-Appellants' Opening Brief with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the ACMS system. All participants in the case are registered ACMS users and will be served by the ACMS system.

Dated: November 4, 2026

Respectfully submitted,

*/s/ William R. Burnside*
William R. Burnside

*Counsel for Defendants-Appellants*

## ADDENDUM

### 9 U.S.C. § 9

Award of arbitrators; confirmation; jurisdiction; procedure

If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.